UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| TRAVIS ROSS,<br><br>                 Plaintiff,<br><br>vs.<br><br>DR. MARY CARPENTER, in her individual and official capacities,<br><br>                 Defendant. | 3:15-CV-03013-RAL<br><br><br>ORDER DENYING PLAINTIFF'S MOTION TO WAIVE FILING FEES |

On August 3, 2015, Travis Ross (Ross), an inmate at the Mike Durfee State Prison, filed a Complaint in this Court alleging that Dr. Mary Carpenter (Carpenter), the Medical Director for Corrections Health, was deliberately indifferent to his medical needs, thus violating his civil rights. Doc. 1. Ross also filed a Motion for Leave to Proceed In Forma Pauperis, which this Court granted on August 28, 2015. Docs. 2, 5. After the parties conducted discovery, Carpenter moved for summary judgment. Doc. 18. This Court considered the motion and issued an Opinion and Order Granting Defendant's Motion for Summary Judgment on June 8, 2016. Doc. 25. Since early 2016, this Court has received periodic partial payments of Ross's filing fee in this case in accordance with the Prison Litigation Reform Act (PLRA). Ross now moves this Court for a waiver of the remainder of that filing fee, claiming that the periodic withdrawals from his inmate trust account are causing him hardship. Doc. 41.

In 1892, Congress enacted the *in forma pauperis* statute which ensured indigent litigants meaningful access to the courts and provided district courts the discretion to waive all or part of the filing fee in civil cases. Bruce v. Samuels, 136 S. Ct. 627, 629 (2016); Tucker v. Branker, 142

F.3d 1294, 1296 (D.C. Cir. 1998). However, in 1996, Congress enacted the PLRA which addressed prison litigation in federal courts and imposed some limitations on such cases. See Bruce, 136 S. Ct. at 629. As a result, the *in forma pauperis* statute was amended, and now in relevant part reads:

> (b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of –
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. §§ 1915(b)(1)-(2). The statute now makes the payment of a filing fee mandatory for prisoner civil litigants who proceed *in forma pauperis*. Therefore, Ross's Motion for Waiver of Filing Fees is denied.

For good cause, it is hereby

ORDERED that Ross's Motion for Waiver of Filing Fees, Doc. 41, is denied.

DATED this 9th day of April, 2020.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE